## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

___

| | |
|---|---|
| **ALICIA GUY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO:** |
| **v.** ) | |
| ) | **JURY DEMAND** |
| **YUSEN LOGISTICS (AMERICAS), INC.** ) | |
| ) | |
| **Defendant.** ) | |

___

Plaintiff Alicia Guy ("Plaintiff" or "Ms. Guy") files this Complaint against Yusen Logistics, Inc. ("Defendant" or "Yusen"), showing the Court as follows:

### INTRODUCTION

1. This is an employment action arising from Plaintiff's unlawfully motivated termination. Plaintiff was an outstanding employee of Defendant since 2011. She did not have a history of poor performance or reprimands. Plaintiff received promotions, pay raises, performance-based bonuses, and strong job evaluations since starting at Yusen. In November 2017, shortly after returning from FMLA leave and complaining about the discrimination and hostile work environment she faced at Yusen, Plaintiff was fired by Defendant on pretextual grounds that are unworthy of credence. Defendant's actions violated various federal and state laws that prohibit discrimination and retaliation, including the FMLA, THRA, Section 1981, and Title VII.

1

## PARTIES

2. Plaintiff Alicia Guy is a former employee of Defendant at its facility in Shelby County, Tennessee.

3. Yusen Logistics (Americas), Inc., is a New York Corporation that maintains its principal office in Secaucus, New Jersey. Yusen may be served through its registered agent at 2908 Poston Avenue, Nashville, TN 37203.

## JURISDICTION AND VENUE

4. This is an action for monetary and nonmonetary damages, declaratory relief, liquidated damages, prospective injunctive relief, and equitable relief under the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-101 et seq. ("THRA"), Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA").

5. The Court has jurisdiction under 28 U.S.C. §§1331, 1332, and 1367. Venue is proper as all facts discussed in this Complaint happened within this Court's jurisdiction in Shelby County, Tennessee.

6. Plaintiff has filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff reserves the right to amend this Complaint to include claims related to Defendant's Title VII violations after administrative exhaustion.

## FACTS

7. Defendant hired Ms. Guy in or around July 2011.

8. Ms. Guy is a female and African-American.

9. Ms. Guy started as an Accounts Receivable Supervisor.

10. Ms. Guy was later promoted to Corporate Accounts Receivable Manager.

11. Ms. Guy earned over $100,000.00 per year in her role as the Corporate Accounts Receivable Manager.

12. Ms. Guy received positive performance feedback, strong evaluations, pay raises, and bonuses during her employment at Yusen.

13. Chris Hoshell supervised and managed Ms. Guy. Mr. Hoshell is a Caucasian male.

14. Plaintiff and other female employees under Hoshell's direction and supervision were constantly targeted with intimidation, insults, hostility, denials of advancement opportunities, and other forms of disparate treatment by Hoshell.

15. Hoshell did not subject similarly situated male employees, especially white male employees, to the same treatment that he targeted at Plaintiff and other women.

16. Plaintiff and other female employees often discussed amongst each other the hostile, harassing, and disparate treatment they received at the hands of Hoshell.

17. Hoshell's disparate treatment and communications towards women was open and notorious, and included management and non-management personnel.

18. Hoshell's disparate treatment and communications were severe, pervasive, and resulted in a hostile work environment that affected the terms and conditions of the employment of Plaintiff and other female employees.

19. While still employed, Plaintiff suffered severe anxiety, stress, exhaustion, and other physical and emotional harms because of Hoshell's disparate treatment and hostile communications.

20. Around early October 2017, Plaintiff applied for and was approved for FMLA leave.

21. Mr. Hoshell's disparate treatment and hostile communications were a driving force behind Plaintiff suffering serious health conditions that caused her to take FMLA leave.

22. Other female employees also suffered mental, physical, and/or emotional harms as a result of Hoshell's workplace behavior.

23. On October 4, 2017, Plaintiff complained about the hostile work environment existing at Yusen. Plaintiff's complaint was delivered via email to Hoshell -- with Yusen agents John Vitolo and Mary Ann Kennedy blind-copied.

24. Hoshell verbally expressed immediate disdain and hostility towards Plaintiff for making her October 2017 complaint.

25. On October 5, 2017, Plaintiff started a continuous period of approved FMLA leave.

26. Plaintiff returned from her FMLA leave on or about November 1, 2017.

27. On November 1, 2017, Human Resources employee Chris Allan informed Plaintiff that Yusen was launching an investigation into her October 2017 complaint.

28. Plaintiff was informed that the fact-finding function of the investigation would not be conducted by a Yusen Human Resources employee.

29. Plaintiff was told that Yusen had retained an agent to conduct a fact-finding internal investigation regarding her October 2017 complaint.

30. Yusen retained Kimberly Hodges of the Ogletree Deakins law firm to conduct the fact-finding investigation into Plaintiff's October 2017 complaint.

31. Plaintiff was told to openly share to the fact-finding agent all facts and evidence that she believed supported her claims of disparate treatment and hostile work environment.

32. As of November 2, 2017, Plaintiff had not filed an EEOC charge or expressed that she would be filing a lawsuit related to the treatment or conditions she was experiencing at Yusen to any agent or employee of Defendant.

33. On November 2, 2017, Plaintiff was interviewed as a part of the fact-finding internal investigation by the retained agent from Ogletree Deakins law firm.

34. Plaintiff shared her belief that she and other female employees were being targeted with disparate treatment, communications, and opportunities. Plaintiff shared that the treatment targeted at her and other women by Hoshell was less favorable than his treatment of male employees who he worked with at Yusen, especially Caucasian male employees. Plaintiff reiterated her belief that Hoshell's actions created a hostile work environment, and expressed that other female employees shared that belief. Plaintiff shared that she believed Hoshell's actions caused her physical, mental, and emotional distress.

35. In response to an investigative inquiry, Plaintiff let the fact-finding agent listen to a recorded conversation where Hoshell spoke to Plaintiff in a manner that was demeaning, aggressive, unprofessional, hostile, and intimidating. Plaintiff never told Defendant or its agent that she shared this recording with anyone other than Defendant's agent.

36. Ms. Hodges took notes as a part of her fact-finding investigation into Plaintiff's human resources-related complaint.

37. Defendant did not punish or otherwise reprimand Hoshell in response to Plaintiff's complaint or the investigation. No preventive, corrective, or remedial action was taken in response to Plaintiff's complaint or the investigation. Hoshell was not terminated and remains an employee of Yusen.

38. On or about November 9, 2017, rather than correct the conditions or reprimand Hoshell, Defendant fired Plaintiff in response to her complaint and claims of discrimination and hostile work environment [raised in the October 2017 complaint and November 2017 investigation interview].

39. Defendant's agents [Chris Allen and Lisa Runga] told Plaintiff the she was being fired for the following alleged-reason: "Because when you met with the HR Rep (outside counsel), you shared 'confidential financial information' to the lawyer in a recording, and the lawyer is an outside party."

40. The recording was not listened to by Mr. Allen, Ms. Runga, or any other employee of Defendant prior to firing Plaintiff on November 9, 2017.

41. Prior to being fired, Plaintiff was not asked to let an employee of Defendant hear the actual recording that she shared with the fact-finding agent.

42. Defendant ignored and/or was dismissive about Plaintiff's side of the story that she expressed during the termination meeting, remaining firm in its position that Defendant was firing Plaintiff for sharing a recording to a fact-finding agent during an internal investigation into her complaints of discrimination and hostile work environment.

43. Plaintiff asked Ms. Runga and Mr. Allen to identify in the employee handbook the alleged "company policy" Defendant claimed she violated. Defendant did not identify a company policy or explain how Plaintiff's disclosure of a recording during an investigation into her claim of hostile work environment and discrimination breached confidentiality.

44. Defendant's termination of Plaintiff was discriminatory, retaliatory, and directly in response to Plaintiff: (a) exercising FMLA entitled rights; and (b) voicing opposition

about discrimination and a hostile work environment in October 2017 and November 2017. Other comments and the disposition towards Plaintiff from Defendant's agents during the termination meeting demonstrated that Defendant and its agents harbored hostility at Plaintiff for making the complaint and speaking out about the treatment targeted at her by Hoshell.

45. Plaintiff vehemently disputes: the claims that she violated a company policy; the claim that the content of the recording disclosed confidential or proprietary information; any suggestion that, even if disclosure of the recording contained confidential information, that disclosure of the recording during the investigation to an agent of Defendant was sufficient to or actually motivated Defendant's decision to end Plaintiff's career at Yusen. The reason defendant claims it fired Plaintiff is far-fetched, incredible on its face, and is otherwise unworthy of credence.

46. Defendant did not express any other reason for the termination of Plaintiff other than the statement quoted in Paragraph 38 at the time of termination.

47. Defendant's asserted reason for Plaintiff's termination is a pretext for discrimination and retaliation. Any other reason(s) asserted by Defendant for its termination of Plaintiff other than the statement quoted in Paragraph 38 is a shifting justification, was not initially stated, and is pretext for discrimination and retaliation.

48. Defendant's Employee Handbook states that: "The Company takes all complaints of unlawful harassment seriously and **strictly prohibits retaliation** against any employee who opposes any type of unlawful harassment or discrimination, files a complaint, testifies, assists or participates in any manner in an investigation, proceeding, or hearing conducted by the Company or any federal, state, or local agency with regard to unlawful

7

harassment or discrimination ("Protected Conduct"). No individual will suffer any reprisals for reporting any incidents of harassment or for making any complaints or for participating in an investigation."

49. In addition to violating various federal and state laws, Defendants actions against Plaintiff violated Defendant's written policy that prohibits retaliation for reporting harassment or discrimination.

50. Defendant's actions were willful, malicious, and demonstrated reckless indifference to Plaintiff's right to work in an environment free from discrimination and retaliation.

51. Defendant's conduct has caused Ms. Guy to suffer a substantial loss of income and other privileges and benefits of employment; caused her to incur medical expenses that she otherwise would not have; and caused her to suffer embarrassment, humiliation, emotional distress, mental anguish, stress, anxiety, exacerbation of medical conditions, damage to her reputation, inconvenience, and loss of enjoyment of life. Additionally, Plaintiff has incurred attorneys' fees, costs, and related litigation expenses.

## CAUSES OF ACTION

### Retaliation in Violation of the THRA

52. Ms. Guy incorporates by reference all preceding paragraphs of this Complaint.

53. Ms. Guy engaged in protected activity under the THRA by complaining about sex discrimination and hostile work environment, including intimidation, hostility, and disparate treatment affecting female employees by Mr. Hoshell.

54. In retaliation for Ms. Guy engaging in protected activity, Defendant fired Plaintiff on grounds that are pretext for discrimination and retaliation.

55. Through such retaliation, Yusen violated Ms. Guy's rights under the THRA.

56. Yusen's actions against Ms. Guy were retaliatory and committed with reckless disregard for her right to be free from discriminatory treatment because of her opposition of discriminatory employment practices and violated the THRA.

57. Yusen's actions caused Ms. Guy to suffer both monetary and nonmonetary harms and losses.

58. Thus, Ms. Guy is entitled to an award of back pay and benefits, compensatory damages, injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the THRA and similar federal statutes that prohibit Defendant's actions against Ms. Guy.

## Retaliation in Violation of the FMLA

59. Ms. Guy incorporates by reference all preceding paragraphs of this Complaint.

60. Ms. Guy engaged in protected activity under the FMLA by exercising entitled rights permitted under this federal law.

61. In retaliation for Ms. Guy engaging in protected activity, within a week of her return from continuous FMLA leave, Defendant fired Plaintiff on grounds that are pretext for discrimination and retaliation.

62. Through such retaliation, Yusen violated Ms. Guy's rights under the FMLA.

63. Yusen's actions against Ms. Guy were retaliatory and committed with reckless disregard for her right to be free from discriminatory treatment because of her utilization of entitled rights under the FMLA.

64. Yusen's actions caused Ms. Guy to suffer both monetary harms and losses.

65. Thus, Ms. Guy is entitled to an award of back pay and benefits, liquidated damages, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the FMLA.

### Retaliation in Violation of Section 1981

66. Ms. Guy incorporates by reference all preceding paragraphs of this Complaint.

67. Ms. Guy engaged in protected activity under Section by complaining about treatment disparities in favor of white male employees during the fact-finding investigation.

68. In retaliation for Ms. Guy engaging in protected activity, Defendant fired Plaintiff on pretextual grounds.

69. Through such retaliation, Yusen violated Ms. Guy's rights under Section 1981.

70. Yusen's actions against Ms. Guy were retaliatory and committed with reckless disregard for her right to be free from discriminatory treatment because of her opposition of discriminatory employment practices and violated Section 1981.

71. Yusen's actions caused Ms. Guy to suffer both monetary and nonmonetary harms and losses.

72. Thus, Ms. Guy is entitled to an award of back pay and benefits, compensatory damages, punitive damages, injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the Section 1981 and similar federal statutes that prohibit Defendant's actions against Ms. Guy.

### Sex Discrimination and Hostile Work Environment in Violation of the THRA

73. Ms. Guy incorporates by reference all of the preceding paragraphs of the Complaint.

74. Yusen discriminated against Ms. Guy in the terms and conditions of her employment and terminated her employment on the basis of sex in violation of the THRA.

75. Yusen and its agents' actions were harassing, severe, pervasive, and affected Plaintiff's terms and conditions of employment. Thus, Defendant is liable for the creation and perpetuation of its hostile work environment that Plaintiff and other female employees had to endure.

76. The actions taken by Yusen caused Ms. Guy to suffer both monetary and non-monetary losses.

77. Because of Yusen discriminatory conduct, Ms. Guy is entitled to an award of back pay and benefits, compensatory and punitive damages (upon administrative exhaustion), injunctive relief, attorneys' fees and costs, and all other appropriate damages, remedies, and other relief available under the THRA and similar federal statutes that prohibit discrimination and hostile work environments on the basis of sex.

### Reservation of Rights to Amend to Include Title VII Claims

78. Plaintiff reserves the right to amend this to include claims for violations of Title VII for sex discrimination, hostile work environment discrimination, and retaliation upon administrative exhaustion with the Equal Employment Opportunity Commission.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that:

1. Process issue against the Defendant, requiring it to answer within the time period specific by applicable law;

2. That after the discovery process, this case be heard on its merits;

3. With respect to Plaintiff's claims, Plaintiff prays that the Court enter a judgment:

    a. Declaring that the acts and practices complained of herein are in violation of the aforementioned laws;

b. Enjoining and permanently restraining these violations of aforementioned laws;

c. Directing Defendant to take affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff, or those similarly situated to Plaintiff, in employment opportunities;

d. Awarding Plaintiff a full award of back pay damages in amounts to be determined by the jury;

e. Awarding Plaintiff a substantial amount of front pay damages or reinstatement;

f. Awarding Plaintiff liquidated damages;

g. Directing Defendant to pay Plaintiff compensatory and punitive damages in an amount to be determined at trial, but to cumulatively exceed $1,000,000.00;

h. Awarding Plaintiff the costs of this action together 5r with reasonable attorneys' fees, as provided by the applicable statutes;

i. That the Court award any declaratory and/or injunctive relief that may be available; and

j. Granting such other and further relief as this Court deems necessary and proper.

Respectfully Submitted,

s/ Brian C. Winfrey

───────────────────────────

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276